UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER C. CHASE, II,

    Plaintiff,

v.                                                                                                  Case No. 1:18-cv-873
                                                                                                 Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his application for disability insurance benefits (DIB).

        Plaintiff alleged a disability onset date of April 15, 2015. PageID.337. Plaintiff identified his disabling conditions as protrusion T3-T4, surrounding nerve damage of T3-T4, and depression. PageID.341. Prior to applying for DIB, plaintiff completed high school, had additional training at a CDL school, and had past employment as an injection mold operator, truck driver, small products bench assembler, delivery driver, and fabricator assembler. PageID.138, 342. An administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on October 8, 2017. PageID.133-140. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

**II.  ALJ's DECISION**

Plaintiff's application for disability benefits failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 15, 2015, and that he meets the insured status requirements of the Social Security Act through March 30, 2020. PageID.135. At the second step, the ALJ found that

3

plaintiff had severe impairments of degenerative disc disease of the spine and obesity. PageID.135. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is limited to simple and unskilled work and can have no exposure to work place hazards (due to use of medication and marijuana); he can never climb ladders, ropes, or scaffolds; cannot engage in work that would require crawling; he must avoid concentrated exposure to vibration; he can only occasionally engage in the rotation, flexion, and extension of the neck, and with no repetitive neck movements; and he can only occasionally reach overhead bilaterally.

PageID.136. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.138.

At the fifth step, the ALJ found that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.139. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light work such as production inspector (60,000 jobs), host/hostess (55,000 jobs), and cashier (50,000 jobs). PageID.139. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from April 15, 2015 (the alleged onset date) through October 18, 2017 (the date of the decision). PageID.139-140.

### III. DISCUSSION

Plaintiff set forth three issues on appeal.

**A. This case should be remanded because the ALJ at the hearing was not properly appointed.**

Plaintiff contends that this case should be remanded because "the ALJ in this case was improperly appointed" for the reasons discussed in *Lucia v. Securities and Exchange Commission*, -- U.S. --, 138 S. Ct. 2044 (2018). Plaintiff's Brief (ECF No. 15, PageID.575). This Court has rejected similar claims when the plaintiff failed to contest the validity of the ALJ's appointment during the administrative proceedings. *See, e.g., Sturdee v. Commissioner of Social Security*, 1:18-cv-770, 2019 WL 4743836 at *3 (W.D. Mich. Sept. 30, 2019); *Van Andel v. Commissioner of Social Security*, No. 1:17-cv-1021, 2019 WL 1375339 at *3 (W.D. Mich. March 27, 2019). Accordingly, plaintiff's claim of error is denied.

**B.  This ALJ did not have substantial evidence to support her finding regarding plaintiff's credibility.**

Plaintiff contends that the ALJ wrongly found that his statements regarding his impairments are not entirely consistent with the medical record or other evidence in the record. Plaintiff's Brief at PageID.576. In this regard, plaintiff contends that the ALJ wrongly discredited plaintiff's "credibility" because he did not visit the doctor very often (*i.e.*, he saw a doctor at six month intervals) and that the severity of his back pain is confirmed by an MRI taken on March 1, 2018 (about five months after the ALJ denied his claim). *Id.* at PageID.572, 576-577.

The term "credibility" is no longer used by the Commissioner in evaluating claims. In SSR 16-3p the agency stated:

> [W]e are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character.

SSR 16-3p, 2016 WL 1119029 at *1-2 (eff. March 16, 2016). Under this policy, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments," and "will not assess an

5

individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id*. at *10.

While SSR 16-3p eliminated the use of the term "credibility," the regulatory analysis remains the same. As this Court observed,

> The new policy ruling did not and could not change the underlying regulations. The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.' " *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007) ). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 at *6 (W.D. Mich. Aug. 9, 2018), R&R *adopted* 2018 WL 4334623.

It is well established that evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). While the term "credibility" is no longer used, this Court must still give deference to the ALJ's evaluation of the symptoms under the regulations, and may not disturb that ALJ's evaluation "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) "[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Scobey v. Commissioner of Social Security*, No. 1:17-cv-987, 2018 WL 4658816 at *11 (W.D. Mich. Sept. 28, 2018) (internal quotation marks and brackets omitted).

The ALJ did not discount plaintiff's symptoms simply because plaintiff saw a doctor infrequently. Rather, the ALJ found that plaintiff's condition was not as serious as he alleged for a number of reasons. While plaintiff contends that his upper back pain started after an automobile accident in 2001, he worked for many years after the accident. PageID.137, 424, 448. In this regard, plaintiff's alleged disability onset date is about 14 years after the accident.

In addition, plaintiff did not undergo much medical treatment in recent years and stopped using pain medication other than marijuana:

> Within the period at issue, he only met with his primary care provider at roughly six-month intervals (Ex 7F). These records showed that despite his allegation of disability, he was able to maintain a full pushup position for 45 seconds without difficulty (Ex 7F/3). Additionally, by mid-2016, he had stopped taking pain medication and was only using marijuana. Interestingly, he admitted feeling better and that he was more active. Such evidence does little to bolster his allegations, as does the fact that the physical examination of his spine was completely normal (Ex 7F/4). The associated treatment note also showed the claimant was able to rise, stand, and walk effortlessly while further noting he was in no distress and was even smiling during the appointment.
>
> Also inconsistent with his subjective allegations are the results of an August 2015 consultative examination. Except for weighing over 300 pounds, the only noteworthy finding was somewhat reduced range of motion of the cervical and lumbar spine. The remainder of his physical examination was largely unremarkable. He demonstrated a normal gait and station, and had full grip strength and full digital dexterity. Moreover, he displayed no difficulty getting on and off the exam table, heel and toe walking, and squatting (Ex 6F). Based on this examination report, especially in light of the lack of significant treatment documented in the treatment notes, the evidence does not support the claimant's allegation of disability.

PageID.137.

Based on this record, the Court finds no compelling reason to disturb the ALJ's evaluation of the intensity, persistence, and limiting effects of plaintiff's symptoms on his ability to do basic work activities. *See Smith*, 307 F.3d at 379. Accordingly, plaintiff's claim of error is denied.

### C. This case should be remanded to consider the post-hearing evidence.

Finally, plaintiff contends that this matter should be reversed and remanded pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of an MRI taken about five months after the ALJ denied his claim for benefits. When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Under sentence-six, "[t]he court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*. "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner]

would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

Here, plaintiff states that he saw his treating physician in February 2018, complained of upper back pain since his 2001 accident, and was diagnosed with chronic pain in the upper back and left shoulder. PageID.44, 572. Plaintiff had an MRI on March 1, 2018. PageID.47-56. All of these events occurred between four and five months after the ALJ denied plaintiff's claim for benefits. Plaintiff has failed to demonstrate good cause for presenting this evidence. Plaintiff does not address the sentence six requirements in any detail; rather, plaintiff simply refers to the evidence as "new". PageID.572. *See Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir. 2012) ("[t]he mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement").

Furthermore, plaintiff has not shown that the evidence is material to his claim. Plaintiff has presented no medical opinion which interprets the MRI results and links those results to his alleged impairments and his condition as it existed during the relevant time period (April 15, 2015 through October 18, 2017). The fact that a claimant had an MRI some months after a decision denying benefits is not sufficient to obtain a sentence six remand. Even if the MRI showed a deterioration in plaintiff's condition, "[e]vidence of a subsequent deterioration or change in condition after the administrative hearing is deemed immaterial." *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 685 (6th Cir. 1992). In short, there is no evidence that the ALJ would have reached a different disposition of the disability claim if presented with that evidence. *Sizemore*, 865 F.2d at 711. Accordingly, plaintiff's claim for a sentence six remand is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: March 25, 2020 /s/ Ray Kent
United States Magistrate Judge